■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v WILLIAM WALSH, Respondent. — Appeal by the People from an order of the Supreme Court, Queens County (Dufficy, J.), dated June 6, 1983, which granted defendant's motion to dismiss the indictment charging him with attempted robbery in the first degree and criminal possession of a weapon in the fourth degree.

Order reversed, on the law, motion to dismiss denied, indictment reinstated, and matter remitted to the Supreme Court, Queens County, for further proceedings.

On the date the trial was to commence, the People requested a two-week adjournment because of the sudden unavailability of a crucial witness. Defense counsel then orally moved to dismiss, arguing that the case had been on the calendar "long enough". The matter was sent to the Administrative Judge for a ruling on the request for an adjournment. The request was denied, and when the case was returned to the Trial Part, defendant's motion to dismiss was granted. The denial of the request for an adjournment is not challenged on appeal (cf. *People v De Rosa,* 42 NY2d 872).

The record is unclear as to the reason for the dismissal. Defense counsel's request appears to have been predicated on a claim that the People unreasonably delayed in proceeding to trial. If the dismissal were based on speedy trial grounds, it was improper, because defendant did not comply with the requirement of CPL 210.45 that a motion to dismiss the indictment be made in writing and upon reasonable notice to the People (*People v Marrero,* 85 AD2d 610).

Alternatively, if the dismissal was due to the Administrative Judge's denial of the People's request for an adjournment, we find that it was an abuse of discretion for the trial court to fail to explore the alternatives to the drastic remedy of dismissal. Dismissal of the indictment was not necessitated by the denial of the adjournment, and the trial court should have inquired as to whether the prosecutor was willing to proceed to trial without the unavailable witness. The prosecutor's unwavering opposition to defendant's oral application for dismissal of the indictment belies defendant's claim on appeal that the People consented to the dismissal. Boyers, J. P., Rubin, Lawrence and Eiber, JJ., concur.